909 A.2d 719

IN THE MATTER OF PHILIP J. MORAN,
AN ATTORNEY AT LAW.

November 9, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–128, concluding that **PHILIP J. MORAN** of **SKILLMAN**, who was admitted to the bar of this State in 1975, should be suspended from the practice of law for a period of one year for multiple violations of *RPC* 1.1(a) (gross negligence), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to keep client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information), *RPC* 1.16(a)(2) (failure to withdraw from representation when physically or mentally impaired), and *RPC* 1.16(d) (failure to take reasonable steps on termination of representation to protect client's interests and failure to return unearned portion of retainer);

And the Disciplinary Review Board having determined that respondent should be required to serve a prospective suspension of seven months rather than one year because of his placement on disability inactive status pursuant to *Rule* 1:20–12 from September 8, 2003, through February 25, 2004;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law, and that on reinstatement practice respondent should practice under supervision, and should not practice as a sole practitioner;

And good cause appearing;

It is ORDERED that **PHILIP J. MORAN** is suspended from the practice of law for a period of one year, and until the further Order of the Court, provided however, that the active period of

suspension shall be seven months, effective immediately, and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics and shall not engage in the practice of law as a sole practitioner until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.